# RECORD IMPOUNDED

## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3673-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.Y.D.,[1]

     Defendant-Appellant.

_____

Submitted March 10, 2021 – Decided April 7, 2021

Before Judges Whipple, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 12-05-1124.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials to protect the identity of the victim, Rule 1:38-3(c)(12), and the juvenile co-defendant, Rule 1:38-3(d)(5).

PER CURIAM

Defendant J.Y.D. appeals from a January 16, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, he argues:

> AS DEFENDANT PRESENTED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL AND THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED WHEN IT DENIED HIS PETITION WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.

We have considered this argument in light of the record and applicable legal standards and affirm.

Previously, we related the facts in detail in our affirmance of defendant's conviction on direct appeal. State v. J.Y.D., No. A-3221-14 (App. Div. Nov. 9, 2017). Defendant's petition for certification to our Supreme Court was denied. State v. J.Y.D., 233 N.J. 213 (2018). We summarize the relevant facts here.

I.

On June 16, 2010, defendant, who was then fifteen years old, and an accomplice, R.J., jumped into the car of a twenty-four-year-old mother. R.J. pointed a gun at her saying, "[i]f you want to live you'll do as I say." After moving the car to a discreet location, the victim was unable to turn over any

money as demanded by defendants. She offered her bank card, cell phone, and her car. Defendants took the victim's cell phone but declined to take her bank card and car.

After being ordered to move her car to a darker location, R.J. handed the gun to defendant, who continued to point it at the victim's head and demanded she strip and to get on top of him. Defendants forced the victim to have vaginal intercourse with R.J. and perform oral sex on defendant simultaneously. Both defendants ejaculated into her, and she spit defendant's semen onto her sweatshirt. After they "clapped each other up" and laughed, defendant and R.J. walked away after the victim promised not to notify the police. Instead, the victim immediately drove to the Detective Bureau and reported two males sexually assaulted her. She was transported by ambulance to the hospital.

A confidential informant assisted in identifying defendant and R.J. The victim identified defendant as the one who pointed the gun at her head and forced her to perform oral sex on him while R.J. was sexually assaulting her. Defendants were arrested and charged with various acts of delinquency, if committed by an adult would constitute crimes.

After waiver to adult court, on November 22, 2013, defendant pled guilty pursuant to a plea agreement to first-degree robbery, N.J.S.A. 2C:15-1, and

second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1). Pursuant to the plea agreement, the State recommended an aggregate sentence of eighteen years' imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, which included a ten-year sentence for the first-degree robbery charge and an eight-year consecutive sentence for the second-degree sexual assault charge.

On November 14, 2014, defendant was sentenced to an aggregate eighteen-year term of imprisonment subject to NERA. He was also subject to mandatory parole supervision for life, N.J.S.A. 2C:43-6.4, and Megan's Law requirements, N.J.S.A. 2C:7-1 to -19.

We affirmed on direct appeal, rejecting defendant's claims of trial error relating to his waiver from the Family Part to the Law Division based on the probability of rehabilitation prior to the age of nineteen substantially outweighing the reasons for the waiver, failing to conduct a Yarbough[2] analysis before imposing consecutive sentences, not considering defendant's age, and not properly weighing the aggravating and mitigating factors. As to defendant's argument on direct appeal that his trial counsel was ineffective resulting in prejudice to him, we noted this claim should be addressed in a separate PCR appeal, citing State v. Preciose, 129 N.J. 451, 459-60 (1992).

---

[2] State v. Yarbough, 100 N.J. 627 (1985).

On January 4, 2019, defendant filed a pro se petition for PCR alleging ineffective assistance of counsel. PCR counsel was assigned and asserted the following claims of ineffectiveness: (1) failure to argue mitigating factors eight, N.J.S.A. 2C:44-1(a)(8), and nine, N.J.S.A. 2C:44-1(a)(9), while supplementing the record when the sentencing court articulated mitigating factor seven, N.J.S.A. 2C:44-1(b)(7); (2) failure to argue against consecutive sentences under Yarbough; and (3) failure to present any evidence of defendant's rehabilitation during his pre-sentencing incarceration. PCR counsel contended that mitigating factor eight applies because defendant's conduct "was a result of circumstances unlikely to recur." Defendant's lack of a criminal history was not argued by his trial counsel and therefore, not considered by the court. Mitigating factor nine, defendant's character and attitude indicate that he is unlikely to commit another offense, was not articulated by defense counsel notwithstanding the fact defendant was a youthful offender and expressed remorse for his actions.

Defendant argues that if his defense counsel had "vigorously" argued these facts, the sentencing court would "have changed the previously negotiated plea agreement from consecutive to . . . [a] concurrent sentence." Further, defendant contends his trial counsel failed to argue for concurrent sentences in the face of "[b]oth crimes occur[ring] during a single period of aberrant

5

behavior" in one location with only one victim. Additionally, defendant's pro se PCR petition, incorporated into PCR counsel's brief, challenged the waiver from the Family Part to the Law Division.

The PCR court heard oral argument on January 16, 2020, and denied the petition on the record, noting defendant's claims were procedurally barred "because a substantial equivalent of each claim ha[d] been adjudicated on the merits on direct appeal." In its decision, the PCR court stated:

> Defendant's claims with respect to his sentencing counsel are both procedurally barred and they lack in merit. On direct appeal, the Appellate Division considered whether the [s]entencing [c]ourt failed to properly weigh the [a]ggravating and [m]itigating [f]actors and improperly sentence[d] [d]efendant consecutively. And I refer to the Appellate Division decision, [p]ages [nine] [and] [ten].
>
> Now [d]efendant argues that his counsel failed to argue [m]itigating [f]actors and failed to argue against [the] consecutive sentence. Essentially what has happened here is [d]efendant is repackaging his argument that was presented to the Appellate Division. The [s]entencing [c]ourt explained at length why it was finding [a]ggravating [f]actor [three], the risk of re-offending. The [s]entencing [c]ourt could not find [a]ggravating [f]actor [three] together with [m]itigating [f]actors [eight] and [nine], without contradicting itself. The [c]ourt's explanation as to [a]ggravating [f]actor [three] simply did not occasion an argument from counsel on [f]actors [eight] and [nine].

In addition, the PCR court found:

6

Even if this [c]ourt did find that counsel erred by not arguing those factors, [d]efendant does not show— and this is the second prong—that but for counsel's alleged errors, he would not have pleaded guilty and insisted on going to trial. The [c]ourt reminds for the record that the [d]efendant—the [c]ourt is reminded that the [d]efendant was facing an [eighteen]-count indictment. The charges which [d]efendant pled guilty to alone could have resulted in a [thirty]-year prison sentence. Instead, [d]efendant received [eighteen] years subject to NERA, which was a favorable sentence under the circumstances negotiated by his counsel.

A memorializing order was entered, and defendant subsequently filed this appeal.

## II.

Under the Sixth Amendment of the United States Constitution, a person accused of crimes is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Id. at 687; State v. Fritz, 105 N.J. 42, 52 (1987).

In reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and . . . professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints merely of matters of trial strategy

7

will not serve to ground a constitutional claim of inadequacy[.]"  Fritz, 105 N.J. at 54 (citation omitted); see also State v. Echols, 199 N.J. 344, 357-59 (2009). "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (citing State v. Marshall, 123 N.J. 1, 165 (1991)).  "As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal 'except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of [a] fair trial.'"  Id. at 314-15 (alteration in original) (quoting State v. Buonadonna, 122 N.J. 22, 42 (1991)).

The trial court has the discretion to conduct an evidentiary hearing. Preciose, 129 N.J. at 462; R. 3:22-10.  In order to obtain an evidentiary hearing on a PCR application based upon an ineffective assistance claim, defendant must make a prima facie showing of deficient performance and actual prejudice.  Id. at 462-63.  "When determining the propriety of conducting an evidentiary hearing, the PCR court should view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014) (citation omitted); see also Preciose, 129 N.J. at 462-63.

A-3673-19

However, "bald assertions" of deficient performance are simply insufficient. State v. Porter, 216 N.J. 343, 355 (2013) (citing State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). Rather, defendant must demonstrate a reasonable likelihood of success on the merits. R. 3:22-10(b).

Where a judge denies a PCR petition without an evidentiary hearing, we review the denial for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)); R. 3:22-10. Further, where no evidentiary hearing was conducted, "we may review the factual inferences the court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). We also review de novo the PCR court's conclusions of law. Ibid. (citation omitted).

Here, we note from the onset that on direct appeal, we only considered whether the sentencing court failed to conduct a Yarbough analysis; consider defendant's youth; and weigh the aggravating and mitigating factors. Saliently, we did not consider whether defense counsel was ineffective in not presenting these arguments. Therefore, we part company with the PCR court and conclude that defendant's ineffective assistance of counsel claim is not procedurally barred under Rule 3:22-5. See State v. McQuaid, 147 N.J. 464, 484 (1997)

(recognizing "claims that differ from those asserted below will be heard on PCR").

On direct appeal, we stated "the sentencing court did not expressly explain why it imposed consecutive sentences" but concluded that defendant had "not shown the sentencing court was 'clearly mistaken,'" and affirmed his sentence. Moreover, we underscored "[t]he attendant 'facts and circumstances leave little doubt' about the sentence imposed[,]" citing State v. Jang, 359 N.J. Super. 85, 97-98 (App. Div. 2003).

Our de novo review of the record convinces us the ineffective assistance of counsel claim was properly before the PCR court for adjudication and was not barred under Rule 3:22-5. However, even assuming defendant satisfied the first prong of the Strickland/Fritz analysis, we agree with the PCR court that he failed to show that any deficient performance prejudiced his defense under the second prong. See Marshall, 148 N.J. at 89, 157 (citations omitted).

A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him a fair trial. Ibid. The prejudice standard is met if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ibid. A reasonable probability

simply means a probability sufficient to undermine confidence in the outcome of the proceeding. State v. O'Neil, 219 N.J. 598, 611 (2014) (citations omitted).

To set aside a guilty plea on an ineffective assistance of counsel theory, "a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

Given the PCR court's statement that an argument by defendant's trial counsel regarding mitigating factors would not have persuaded the sentencing court to impose a lower sentence than contemplated in the negotiated plea agreement, defendant has failed to make a prima facie showing of the second Strickland prong. Moreover, defendant's argument with respect to the effect mitigating factors may have had on his sentence is merely a bald assertion and calls for speculation. Hence, we discern no abuse of discretion in the PCR court denying an evidentiary hearing.

Defendant's other arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3673-19